# THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

|  |  |
|---|---|
| IN RE: | ) |
|  | ) |
| **AREDIA® AND ZOMETA® PRODUCTS LIABILITY LITIGATION** | ) No. 3:06-MD-1760 |
|  | ) |
|  | ) **JUDGE CAMPBELL** |
| **(MDL No. 1760)** | ) |
|  | ) **MAGISTRATE JUDGE BROWN** |
| **This Document Relates To Case No.:** | ) |
| **3:08-cv-00932 (Foster)** | ) |
|  | ) |

## NOVARTIS PHARMACEUTICALS CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN THE *FOSTER* CASE

The Court should enter summary judgment for Novartis Pharmaceuticals Corporation ("NPC") because, *inter alia*, NPC demonstrated that this action was filed after the expiration of Tennessee's one-year statute of limitations. Plaintiff's only argument that this action was timely filed relies on cross-jurisdictional tolling, a doctrine which the Supreme Court of Tennessee has expressly rejected.

In its opening memorandum ("Mem.") (ECF No. 3487), NPC demonstrated that Tennessee's one-year statute of limitations began to run at the latest on August 2, 2004, after Betty Foster's treating oral surgeon Dr. Eric Carlson told plaintiff and Mrs. Foster that the cause of her ONJ was "Bisphosphonates."[1] Plaintiff "[a]dmitted for purposes of summary judgment" each statement of undisputed fact upon which NPC relies in support of its statute of limitations argument. *See* Pl.'s Resp. to NPC's SUF ¶¶ 35-36 (ECF No. 3581). Although plaintiff implied

---

[1] Mem. at 10 (citing *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 143 (Tenn. 2001); *Schultz v. Davis*, 495 F.3d 289, 292-93 (6th Cir. 2007)); *see also, e.g.*, *Craig v. R.R. Street & Co., Inc.*, 794 S.W.2d 351, 357 (Tenn. Ct. App. 1990) ("A cause of action in a case such as the one before us accrues when the plaintiff discovers a causal connection between the injury and the product that caused the injury, or when in the exercise of reasonable care and due diligence, the plaintiff should have discovered the causal connection."); *Vaughn v. DP Packaging, Inc.*, 17 F. App'x 286, 291 (6th Cir. 2001) (cause of action accrued under Tennessee law when plaintiff's treating physician advised him "that that the injuries may have been caused by his exposure to the spray").

that he might dispute when Mrs. Foster "knew or should have known of the cause of her injury," Pl's Opposition ("Opp.") at 4 (ECF No. 3607), he relied in his opposition exclusively upon a cross-jurisdictional tolling argument and did not present any argument for running the statute of limitations from a date later than August 2, 2004, *see* Opp. at 4-7. Because plaintiff "'must do more than simply show that there is some metaphysical doubt as to the material facts,'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also* Fed. R. Civ. P. 56(e) (party opposing summary judgment must "set out specific facts showing a genuine issue for trial"); NPC is entitled to summary judgment unless plaintiff obtains the benefit of cross-jurisdictional tolling.

Plaintiff contends that a class action complaint filed by a different plaintiff in December 2004 in the Eastern District of Tennessee tolled the statute of limitations for filing this action in the Middle District of Tennessee.[2] *See* Opp. at 4-5. This argument only assists plaintiff if Tennessee law[3] approves of cross-jurisdictional tolling, *i.e.,* whether a class action filed in one jurisdiction tolled the Tennessee statute of limitations for a personal injury action filed at a later date in a different jurisdiction.[4] Plaintiff claims that the Supreme Court of Tennessee has never

---

[2] Mrs. Foster was not a named plaintiff in the *Thorn* class action complaint, *see, e.g.*, 12-10-04 *Thorn* Compl. (Exhibit 1), and the class definition was patently uncertifiable: "All persons, their estates, administrators or other legal representatives, throughout the world who were prescribed, purchased, used and/or ingested the drug Aredia®, manufactured, distributed and/or sold by Defendant." *Id.* at ¶ 16. This class action was voluntarily dismissed after the class action in which Mrs. Foster was a named plaintiff was filed (3:05-cv-00718, ECF No. 1) and without ever seeking class certification. *See* 10-24-05 Order in *Thorn* (3:04-cv-00586, ECF No. 101) (E.D. Tenn.) (Exhibit 2).

[3] The parties do not dispute that Tennessee law governs plaintiff's claims at issue in NPC's motion. *See* Mem. at 8 & n.3.

[4] The United States Supreme Court cases relied on by plaintiff involved claims arising under *federal* law. Where, as here, a plaintiff asserts state law claims, "it is accepted that a federal diversity court applies state law in determining whether a statute of limitations has been tolled." *In re Fosamax Prods. Liab. Litig.*, 694 F. Supp. 2d 253, 257 (S.D.N.Y. 2010); *see also id.* at 258 ("The timeliness of Plaintiffs' claims thus depends on whether Virginia law would adopt *American Pipe* tolling and cross-jurisdictional class action tolling."); *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 567 (6th Cir. 2005) ("The district court concluded, and the parties agree, that because WPMC's claims are based on Ohio law, Ohio's tolling principles govern.").

2

"squarely" addressed the issue and that it would approve of tolling as an exception to Tennessee's statute of limitations in these circumstances. *See* Opp. at 5-7. Plaintiff is wrong. The Supreme Court of Tennessee expressly rejected cross-jurisdictional tolling in *Maestas v. Sofamor Danek Group, Inc.*, 33 S.W.3d 805, 806 (Tenn. 2000): "We decline to adopt the doctrine of cross-jurisdictional tolling." In that products liability action, the plaintiffs argued that "the statute of limitations was tolled during the period in which the plaintiffs sought class certification in a class action filed in federal court." *Id.* The court held that its "rejection of cross-jurisdictional tolling render[ed] the plaintiffs' claims time-barred." *Id.* Recent federal court decisions have unsurprisingly concluded that Tennessee does not recognize cross-jurisdictional tolling. *See, e.g.*, *In re Fosamax Prods. Liab. Litig.*, 694 F. Supp. 2d at 258 (describing *Maestas* as "declining to recognize cross-jurisdictional class action tolling"); *In re Urethane Antitrust Litig.*, 663 F. Supp. 2d 1067, 1081 (D. Kan. 2009) ("The Tennessee Supreme Court has explicitly declined to adopt the doctrine of cross-jurisdictional tolling. . . . Because Tennessee does not permit its statute of limitations to be tolled by a class action filing in federal court, plaintiffs may not invoke the tolling doctrine in this case with respect to their claims under Tennessee law."). *Maestas* remains good law and is fatal to plaintiff's lawsuit.[5]

The case upon which plaintiff relies, *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28 (Tenn. 2007), addressed the separate question of whether to allow *intra-jurisdictional* tolling for the period of time in which a class action was pending *in the same court*. In *Tigg*, the Supreme

---

[5] Although *Maestas* addressed cross-jurisdictional tolling in a state court case filed following a federal class action, its holding applies equally here. Federal courts have repeatedly rejected attempts to toll a state's statute of limitations based on a prior federal class action in a different federal district court when the state supplying the tolling law at issue has not adopted cross-jurisdictional tolling. *See, e.g.*, *Wade v. Danek Med., Inc.*, 182 F.3d 281 (4th Cir. 1999) (plaintiffs who filed Virginia law claims in E.D. Va. were not entitled to tolling based on class actions previously filed in other federal courts because Virginia had not adopted cross-jurisdictional tolling); *Bozeman v. Lucent Techs. Inc.*, No. 2:05 CV 45 A, 2005 WL 2145911 (M.D. Ala. Aug. 31, 2005) (plaintiffs were not entitled to toll statute of limitations on their Alabama law claims in case filed in M.D. Ala. based on prior federal class action in different federal court) (Exhibit 3).

Court of Tennessee reaffirmed the holding of *Maestas*, stating that it rejected the doctrine of cross-jurisdictional tolling. *Id.* at 33.[6] *Tigg*, in fact, did not even adopt intrajurisdictional tolling, concluding that the claims were untimely even if the plaintiffs were allowed the benefit of intrajurisdictional tolling. *Id.* at 35.[7]

If the Court does not enter summary judgment based on the statute of limitations, NPC is entitled to summary judgment based on the other arguments presented in its opening memorandum, none of which were refuted by plaintiff. For example, plaintiff did not oppose NPC's *Daubert* motion to exclude causation testimony of plaintiff's non-retained experts, *see* Pl.'s Notice of Non-Opposition to Def.'s Mot. to Exclude Causation Testimony by Non-Retained Experts (ECF No. 3630). NPC therefore is entitled to summary judgment due to plaintiff's lack of an admissible expert opinion on specific causation if the Court grants its *Daubert* motion to exclude Dr. Sawatari (ECF No. 3486). NPC also notes that plaintiff did not respond at all to its motion for summary judgment regarding manufacturing defect-based claims, so plaintiff apparently concedes that he will not pursue such claims if his lawsuit were timely. *Compare* Mem. at 24 *with* Opp.

For the foregoing reasons and those asserted in NPC's opening brief, the Court should grant NPC's motion and enter summary judgment for NPC on all claims asserted in this lawsuit.

---

[6] Contrary to plaintiff's argument that a majority of states would allow tolling here, *see* Opp. at 5, *Tigg* recognized that "few states allow cross-jurisdictional tolling," *Tigg*, 232 S.W.3d at 33.

[7] Even if it were somehow not clear that the Supreme Court of Tennessee has rejected cross-jurisdictional tolling, a federal court in a diversity case should not proactively expand a state's tolling law and should instead enforce the state's clear statute of limitations. *See, e.g.*, *In re Urethane Antitrust Litig.*, 663 F. Supp. 2d at 1082 ("In the absence of a Tennessee decision compelling the opposite result, this Court declines to import a tolling doctrine into Tennessee state law where it previously did not exist."); *In re Fosamax Prods. Liab. Litig.*, 694 F. Supp. 2d at 258 ("The Court has no reason to believe that Virginia would join the few states that currently recognize cross-jurisdictional class action tolling, and thus it refuses to expand Virginia law in that manner."); *cf. Day & Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 4 (1975) ("A federal court in a diversity case is not free to engraft onto those state rules exceptions or modifications which may commend themselves to the federal court, but which have not commended themselves to the State in which the federal court sits.").

4

October 4, 2010                    Respectfully submitted,

                                  s/ Katharine R. Latimer
                                  Joe G. Hollingsworth
                                  Katharine R. Latimer
                                  (klatimer@hollingsworthllp.com)
                                  Gregory S. Chernack
                                    HOLLINGSWORTH LLP
                                    1350 I Street, N.W.
                                    Washington, DC  20005
                                    (202) 898-5800
                                    (202) 682-1639 (fax)

                                  *Attorneys for Defendant*
                                  *Novartis Pharmaceuticals Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 4th day of October 2010 served a true and correct copy of the foregoing Novartis Pharmaceuticals Corporation's Reply Memorandum in Support of Motion for Summary Judgment in the *Foster* Case, by operation of the Court's Electronic Case Filing System, on the following, including Plaintiffs' Liaison Counsel:

Robert G. Germany, Esq.
Pittman, Germany, Roberts & Welsh, LLP
P.O. Box 22985
Jackson, MS 39225-2985
(601)948-6200

C. Patrick Flynn, Esq.
Flynn & Radford
320 Seven Springs Way
Suite 150
Brentwood, TN 37027
(615) 370-9448

s/ Katharine R. Latimer
Katharine R. Latimer
(klatimer@hollingsworthllp.com)
  HOLLINGSWORTH LLP
  1350 I Street, N.W.
  Washington, DC 20005
  (202) 898-5800
  (202) 682-1639 (fax)

*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*